UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARMEN ELECTRA, et al. | ) | CASE NO. 5:18-CV-02176-SEL |
| | ) | |
| Plaintiffs | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| F.M.J. RESTAURANT, INC., d/b/a | ) | |
| DIAMOND LODGE and | ) | **THIRD-PARY COMPLAINT OF** |
| ROYAL RESTAURANT, INC., d/b/a | ) | **DEFENDANTS F.M.J. RESTAURANT,** |
| DIAMOND ROYALE | ) | **INC. d/b/a DIAMOND LODGE AND** |
| | ) | **ROYAL RESTAURANT, INC., d/b/a** |
| Defendants/Third-Party Plaintiffs | ) | **DIAMOND ROYALE** |
| | ) | |
| vs. | ) | |
| | ) | **Jury Demand Endorsed Hereon** |
| MY OWN MEDIA LLC | ) | |
| TAMMY A. ROTHACKER, Agent | ) | |
| 4745 Honeymoon Drive | ) | |
| North Canton, OH 44720 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TAMMY A. ROTHACKER, Agent | ) | |
| 4745 Honeymoon Drive | ) | |
| North Canton, OH 44720 | ) | |
| | ) | |
| Third-Party Defendants | ) | |

Now come Defendants/Third-Party Plaintiffs F.M.J. Restaurant, Inc., d/b/a Diamond Lodge and Royal Restaurant, Inc., d/b/a Diamond Royale and for their Third-Party Complaint and claims against Third-Party Defendants My Own Media LLC and Tammy A. Rothacker say:

## Background and Allegations

1. Plaintiffs have filed suit and brought claims against Third-Party Defendants upon alleged facts and causes of action with are set forth in Plaintiffs' Amended Complaint which is attached hereto as Exhibit A and incorporated by referenced herein solely for the purpose of alleging that each Third-Party Defendant is or may be a party liable to Third-Party Plaintiffs for all or part of Plaintiffs' claims against them.

2. Third-Party Defendant My Own Media LLC is an Ohio Domestic Limited Liability Company with an active status in the State of Ohio as demonstrated by the certified document of the Ohio Secretary of State attached hereto as Exhibit B and incorporated by referenced herein.

3. Third-Party Defendant Tammy A. Rothacker is the Agent/Registrant of My Own Media LLC as demonstrated by the certification document of the Ohio Secretary of State attached hereto as Exhibit B and incorporated by referenced herein.

4. Third-Party Plaintiffs engaged Third-Party Defendants, individually and/or collectively, to conduct or perform on their behalf certain of the actions or activities, particularly including but not limited to advertising, marketing or promotional, alleged by Plaintiffs in their Amended Complaint to be the bases of their claims against Third-Party Plaintiffs.

5. The actions or activities conducted or performed by Third-Party Defendants were beyond the scope of any express or implied terms of the engagement of Third-Party Defendants by Third-Party Plaintiffs and otherwise Third-Party Plaintiffs had no knowledge of, did not acquiesce to and/or did not ratify, authorize or approve of the actions or activities performed or conducted by Third-Party Defendants.

## Jurisdiction and Venue

6. Plaintiffs allege the subject matter jurisdiction of this Court as set forth in their Complaint and, to the extent that this Court has jurisdiction over Plaintiff's claims, jurisdiction is proper as to Third-Party Plaintiffs' claims against Third-Party Defendants because such claims are so related to the claims in this action and include claims involving additional parties, all as consistent with 28 U.S.C. 1367.

7. The Court has personal jurisdiction over Third-Party Defendants as Third-Party Defendant My Own Media LLC is an Ohio Domestic Limited Liability Company and Third-Party Defendant Tammy A. Rothacker is the agent/registrant with an Ohio address establishing a presence and minimum contacts with the State of Ohio.

8. Venue is proper because the Ohio Secretary of State document attached as Exhibit B establishes Third-Party Defendants' presence within this district and because the substantial actions and activities that are the subject of this litigation and Third-Party Plaintiffs' claims occurred within this district.

## First Claim for Relief

### (Indemnity)

9. Third-Party Plaintiffs reassert and incorporate by reference each and every allegation set forth in paragraphs 1-8 of their Third-Party Complaint.

10. Some or all of Plaintiffs' claims against Defendants/Third-Party Plaintiffs are based on the actions, conduct and/or activities of Third-Party Defendants in the performance of or their

3

failure to perform obligations imposed on Third-Party Defendants as a result of Third-Party Plaintiffs' engagement of Third-Party Defendants as set forth herein.

11.     If Third-Party Plaintiffs are found liable to Plaintiffs due to or as a result of the actions, conduct and/or activities of Third-Party Defendants, Third-Party Plaintiffs are entitled to complete indemnification from and to be completely indemnified by Third-Party Defendants.

## Second Claim for Relief

### (Contribution)

12.     Third-Party Plaintiffs reassert and incorporate by reference each and every allegation set forth in paragraphs 1-11 of their Third-Party Complaint.

13.     Some or all of Plaintiffs' claims against Defendant/Third-Party Plaintiffs' are based on the actions, conduct and/or activities of Third-Party Defendants in the performance of or their failure to perform obligations imposed as a result of Third-Party Plaintiffs' engagement of Third-Party Defendants as set forth herein.

14.     If Third-Party Plaintiffs are found liable to Plaintiffs and must pay greater than their proportionate share of liability to Plaintiffs due to or resulting from the liability of Third-Party Defendants, Third-Party Plaintiffs are entitled to contribution from Third-Party Defendants in an amount equal to the excess above Third-Party Plaintiffs' proportionate share of the liability to Plaintiffs.

## Third Claim for Relief

### (Breach of Contract)

15.     Third-Party Plaintiffs reassert and incorporate by reference each and every allegation set forth in paragraphs 1-14 of their Third-Party Complaint.

16. Third-Party Plaintiffs are entitled to recover from Third-Party Defendants any amount paid by Third-Party Plaintiffs as a direct and proximate result of Third-Party Defendants' breach of any express or implied contract or agreement existing between them

WHEREFORE, on their Third-Party Complaint against Third-Party Defendants My Own Media LLC and Tammy A. Rothacker, Defendants/Third-Party Plaintiffs F.M.J. Restaurant, Inc., d/b/a Diamond Lodge and Royal Restaurant, Inc., d/b/a Diamond Royale pray for and demand judgment as follows:

(1) On their first claim for relief, complete indemnification from and to be completely indemnified by Third-Party Defendants with respect to any liability that Third-Party Plaintiffs may have to Plaintiffs;

(2) On their second claim for relief, contribution from Third-Party Defendants in an amount equal to any excess above Third-Party Plaintiffs' proportionate share of liability paid to Plaintiffs;

(3) On their third claim for relief, any amount paid by Third-Party Plaintiffs to Plaintiffs due to or resulting from Third-Party Defendants breach of contract;

(4) Their reasonable attorney fees;

(5) Their costs in this action; and,

(6) Any and all other appropriate relief.

> Respectfully submitted,
>
> */s/ Margo S. Meola*
> MARGO S. MEOLA (0065555)
> EDWARD D. PAPP (0068574)
> Bonezzi Switzer Polito & Hupp Co. L.P.A.
> 1300 East 9th Street, Suite 1950
> Cleveland, Ohio  44114-1501
> Phone: (216) 875-2767
> Fax:    (216) 875-1570
> Email: mmeola@bsphlaw.com
>              epapp@bsphlaw.com
> *Attorneys for Defendants F.M.J. Restaurant, Inc., d/b/a Diamond Lodge and Royal Restaurant, Inc., d/b/a Diamond Royale*

## JURY DEMAND

Third-Party Plaintiffs demand a trial by jury on all issues raised in the Third-Party Complaint and otherwise so triable in this matter.

>*/s/ Margo S. Meola*
>MARGO S. MEOLA (0065555)
>EDWARD D. PAPP (0068574)
>Bonezzi Switzer Polito & Hupp Co. L.P.A.
>*Attorneys for Defendants F.M.J. Restaurant, Inc., d/b/a Diamond Lodge and Royal Restaurant, Inc., d/b/a Diamond Royale*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of July 2019, a copy of the foregoing document was filed electronically pursuant to Civ. R. 5(B)(2)(f).  Notice of this filing will be sent via operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

>*/s/ Margo S. Meola*
>MARGO S. MEOLA (0065555)
>EDWARD D. PAPP (0068574)
>Bonezzi Switzer Polito & Hupp Co. L.P.A.