UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (AKRON)

| | | |
|---|---|---|
| **CARMEN ELECTRA, et al.** | ) | **CASE NUMBER: 5:18-CV-2176** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE SARA LIOI** |
| vs. | ) | |
| | ) | **STIPULATED PROTECTIVE ORDER** |
| **F.M.J. RESTURANT, INC. d/b/a** | ) | |
| **DIAMOND LODGE, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Scope.** All material produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "material" or "materials"), shall be subject to this Order concerning "Confidential Information" as defined below. *As* there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. This Order is also subject to the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. F**orm and Timing of Designation.**

(a) A party may designate materials as confidential and restricted in

disclosure under this Order by placing or affixing the words "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" on the material in a manner that will not interfere with the legibility of the material and that will permit complete removal of the CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER designation. Materials shall be designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the materials, notwithstanding the exceptions provided in ¶6 of this Order. The designation "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" does not mean that the material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

(b) The designation "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" is a certification by an attorney or a party appearing pro se that he or she has determined in good faith that the material contains Confidential Information as defined in this Order.

(c) A party may withdraw its own confidential designation as to any Confidential Information, except to the extent that it contains unredacted consumer nonpublic personal information (as defined by 15 U.S.C. § 6809) or other sensitive information as described in The E-Government Act of 2002 and the Judicial Conference of the United States Courts' Policy on Privacy and Public Access to Electronic Case Files. Such withdrawal may be made by a party's filing (not under seal) of its own Confidential Information or made in a writing served upon the parties to this action that specifically identifies the Confidential Information that shall no longer be treated as

confidential pursuant to this Order. Any withdrawal under this paragraph is limited to the material filed or specified.

    (d) When electronically stored information is produced which cannot itself be marked with the designation CONFIDENTIAL, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation.

    3. **Materials Which May be Designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER.** As used in this Order, "Confidential Information" means materials designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party upon making a good faith determination that the materials fall within one or more of the following categories: (a) materials prohibited from disclosure by statute, including consumer nonpublic personal information as defined by 15 U.S.C. § 6809; (b) materials that reveal trade secrets or other highly sensitive competitive information; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. If any party believes materials not described above should nevertheless be considered confidential, it may seek a stipulation among the parties to treat such materials as Confidential Information or it may make an appropriate application to the Court. Such application shall only be

granted for good cause shown. Materials that are available to the public or generally known in the industry of the producing party may not be designated as Confidential Information.

4.  **Depositions.** Deposition testimony shall be deemed Confidential Information only if designated as such. Such designation shall be made on the record at the time the testimony is taken or made in writing within 3 business days of the testimony. Deposition testimony so designated shall be treated as Confidential Information protected by this Order until 14 days after delivery of the transcript by the court reporter to any party or the witness. Within 14 days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record identifying the specific portions of the transcript that are designated confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. The failure to serve a timely Notice of Designation waives any designation of deposition testimony as Confidential Information that was previously made, unless otherwise ordered by the Court.

Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. Thereafter, the deposition transcripts and any of those portions so designated shall be protected as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order.

5.  **Protection of Confidential Material.**

(a) General Protections. Confidential Information shall not be used or disclosed by

the parties, counsel for the parties or any other persons identified in , ¶5 (b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

    (b)    Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(12). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

    (1)    Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action.

    (2)    Individual parties and employees/agents of a party but only to the extent counsel determines in good faith that the employee/agent's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed.

    (3)    Court reporters and recorders engaged for depositions.

    (4)    Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

    (5)    Insurers for the parties and employees of insurers for the parties.

    (6)    The Court and its personnel.

    (7)    Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents.

(8) During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(9) The author or recipient of the document (not including a person who received the document in the course of litigation).

(10) Any arbitrator or mediator.

(11) Other persons whom the attorneys by consent deem reasonably necessary to review Confidential Information for the prosecution or defense of this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(12) Other persons only by order of the Court and on such conditions as may be agreed or ordered.

(c) Control of Materials. Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized or inadvertent disclosure of Confidential Information. Each person who is permitted to see or is informed of Confidential Information shall be shown a copy of this Order and shall be advised, by counsel or the party appearing pro se showing the person Confidential Information, of this Order and each person's obligation to maintain the Confidential designation. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order (if required by ¶5(b)for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

(d) Copies. Prior to production to another party, all copies, electronic images,

duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of Confidential Information, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of materials provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential materials or otherwise disclose the substance of the confidential information contained in those materials. Parties shall not duplicate any Confidential Information except for using as working copies and for filing in a manner consistent with the terms of this Order with the applicable Court Rules.

      6.      **Inadvertent Failure to Designate.** An inadvertent failure to designate material as Confidential Information does not, standing alone, waive the right to so designate the material; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates material as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the material is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7. **Filing of Confidential Information Under Seal.** The Court highly discourages the manual filing of any pleadings or materials under seal. To the extent that a brief, memorandum or pleading references any Confidential Information, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.

(a) This Order does not, by itself, authorize the filing of any material under seal. Before any Confidential Information is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the material as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER to determine whether, with the consent of that party, the material or a redacted version of the material may be filed with the Court not under seal.

(b) To the extent that it is necessary for a party to discuss the contents of any Confidential Information in a written pleading, then such portion of the pleading, motion or filing and/or any attachments and/or exhibits attached thereto may be filed under seal with leave of Court. In such circumstances, counsel shall prepare two versions of the pleadings, motion or filing, a public and a confidential version. The public version shall contain a redaction of references to CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents. The confidential version shall be a full and complete version of the pleading, motion or filing and shall be filed under in accordance with Local Rule.

8. **Challenges by a Party to Designation as Confidential.** The designation of any material as Confidential Information is subject to challenge by any party or nonparty with standing to object (hereafter "party"). The following procedure shall apply to any such challenge.

(a) Meet and Confer. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within 3 business days. If agreement is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation as to any material subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

(b) Judicial Intervention. If no agreement can be reached, a party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

9. **Action by the Court** Applications to the Court for an order relating to any Confidential Information shall be by motion and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may

be appropriate with respect to the use and disclosure of any materials produced or use in discovery or at trial.

10. **Use of Confidential Materials or Information at Trial.** All trials are open to the public. Absent an order of the Court, there will be no restrictions on the use of any material that may be introduced by any party during the trial. If a party intends to present at trial Confidential Information or information derived directly therefrom, such party shall provide advance notice to the other party at least 5 days before the commencement of trial by identifying the materials or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such materials or information at trial.

11. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than 5 business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The purpose of imposing these duties is to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these

provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

12. **Obligations on Conclusion of Litigation.**

(a) Order Remains in Effect Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) Return of Confidential Information. Within thirty days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information under this Order, including copies as defined in, ¶5(d), shall be returned to the producing party unless:

(1) the material has been offered into evidence or filed without restriction as to disclosure;

(2) the parties agree to destruction in lieu of return; or (3) as to materials bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the materials and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy materials, counsel may retain attorney work product, including an index which refers or relates to Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential materials. This work product shall continue to be Confidential Information under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use Confidential Information.

13. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

14. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any materials designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

15. **Persons Bound .** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

16. **Additional Parties.** In the event that any additional persons or entities become parties to this litigation or make an appearance, no such additional party shall have access to Confidential Information until the party has executed and filed with the Court a copy of this Order, or other agreement to be bound thereby.

17. **No Waiver.**

(a) Review of Confidential Information by counsel, experts, or consultants for the litigants in this litigation shall not waive the confidentiality of the materials or any objection to production permitted by the Federal Rules of Civil Procedure.

(b) The in camera disclosure of Confidential Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claim of

confidentiality.

(c) Pursuant to Fed. R. E. 502(d), any privilege or protection afforded to Confidential Information is not waived by disclosure.

18. **Reservation of Rights.** Nothing contained in this Order, and no action taken pursuant to it, shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the documents and information sought.

**IT IS SO ORDERED**.

July 17, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

WE SO STIPULATE and agree to abide by the terms of this Order:

Respectfully submitted,

| | |
|---|---|
| _s/David C Harman_ (With Consent) | _/s/ Margo S. Meola_ |
| David C. Harman (87882) | Margo S. Meola (#006555) |
| Janet G. Abaray (2943) | Edward D. Papp (#0040639 |
| Burg Simpson Eldredge Hersh | Christopher F. Mars (#0091604) |
|     & Jardine, P.C. | Bonezzi Switzer Polito & Hupp Co., LPA |
| 312 Walnut St, Suite 2090 | 1300 East 9th Street, Suite 1950 |
| Cincinnati, OH 45202 | Cleveland, Ohio 44114-1501 |
| Phone:513/852-5600 Fax: 513/ 852-5611 | Phone (216) 875-2767 |
| Email: dharman@burgsimpson.com | Fax (216) 875-1570 |
| Email: jabaray@burgsimpson.com | Email: mmeola@bsphlaw.com |
| *Counsel for Plaintiffs* |         epapp@bsphlaw.com |
| |         cmars@bsphlaw.com |
| | *Counsel for Defendants F.M.J. Restaurant, Inc.* |
| | *Dba Diamond Lodge and Royal Restaurant, Inc.* |
| | *Dba Diamond Royale* |