# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CARMEN ELECTRA, et al., | ) | CASE NO. 5:18-cv-2176 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| F.M.J. RESTAURANT, INC., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion of defendants F.M.J. Restaurant, Inc. and Royal Restaurant, Inc. (collectively, "defendants") to sever or, in the alternative, for separate trials. (Doc. No. 28 ["Mot."].) Plaintiffs filed an opposition brief (Doc. No. 30 ["Opp'n"]) and defendants filed a reply (Doc. No. 31 ["Reply"]). For the reasons set forth herein, the motion is denied.

## I.  DEFENDANTS' MOTION

In this case, each of the four plaintiffs alleges that she is a "well-known model, actor, and businesswoman," (Doc. No. 5, First Amended Complaint ("FAC"), ¶¶ 16–19), whose image has been "misappropriat[ed], misuse[d], and alter[ed] . . . by [d]efendants in order to promote their gentlemen's clubs, Diamond Lodge, Diamond Royale, and Diamond Club[.]" (*Id.* ¶ 1.) They allege that defendants F.M.J. Restaurant, Inc., Royal Restaurant, Inc., and Renato6, LTD[1] "share a website . . . that contains links to separate web pages for each respective club[,]" and that defendants "use their websites and online social media marketing platforms to market and

---

[1] F.M.J. Restaurant, Inc. does business as Diamond Lodge and Royal Restaurant, Inc. does business as Diamond Royale. The third defendant, Renato6, LTD, does business as Diamond Club. Renato6, LTD is in default.

advertise [the three clubs] as having 'World Class Adult Entertainment" with "Stunning Entertainers.'" (*Id.* ¶¶ 3–4.)

In their motion to sever, defendants argue that each plaintiff's claim is separate and that the claims were improperly joined because they "do not arise out of the same transaction or occurrence and the questions of fact are not common to all plaintiffs as required by Fed. R. Civ. P. 20." (Mot. at 378.[2]) They further argue that "neither settlement nor judicial economy would be facilitated by allowing plaintiffs to join their claims together in this action." (*Id.*) Instead, defendants assert that "prejudice would result to [them] by allowing all of the plaintiffs to continue with their claims in one action." (*Id.*) Defendants ask that the plaintiffs' claims be severed or, in the alternative, that each plaintiff's claim be tried separately to a separate jury, and that an order be issued requiring mandatory attendance of each plaintiff at all court events and hearings.[3] (*Id.* at 384.)

In support of their motion, defendants rely upon cases from the Northern District of Ohio that apply the "logical relationship" test to determine "whether the issues of law and fact raised by the claims are largely the same and whether substantially the same evidence would support or refute all claims." (Mot. at 382 (citing cases).) Defendants cite other opinions by this court for the proposition that "'[m]ere factual similarity between claims is not enough to show that claims arise from the same transaction or occurrence.'" (*Id.* at 382–83 (citing cases).) Finally, defendants point to a case from the Southern District of Florida where defendants' motion to sever eighteen (18) of the nineteen (19) plaintiffs was granted upon findings that "'[t]he fact-specific nature of plaintiffs'

---

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

[3] The question of mandatory appearance is premature and will be dealt with as needed as the case proceeds.

claims precludes any conclusion that judicial economy would be served by joinder and that each plaintiff has different factual allegations to support her claim.'" (*Id.* at 383 (citing *Gibson v. Cent. Fla. Liquors, Inc.*, No. 1:16-cv-61152-UU, slip op. at 3 (S.D. Fla. June 23, 2016) (*see* Doc. No. 28-1).)

In opposition, although plaintiffs concede that the three defendants "are distinct corporate entities with separate liability to each [p]laintiff," (Opp'n at 395), they claim that defendants "coordinated their marketing efforts and used the same marketing consultant to acquire and post" their images. (*Id.*) Plaintiffs argue that their causes of action "arise from [] the same course of conduct perpetrated by [d]efendants, which raises numerous common issues of law and fact." (*Id.*) Thus, in plaintiffs' view, joinder of these plaintiffs is not only permitted by the federal rules but is encouraged as a means of serving judicial economy while not prejudicing defendants. (*Id.* at 395–96.)

In reply, defendants "concede that they [the moving defendants] acted with each other in light of the fact that they have a common owner," (Reply at 422), but they resist any allegation that they acted in concert with Renato6, LTD and claim that pursuing all the claims against all three defendants in one suit "would be highly prejudicial . . . [because] Renato6's posting of images has no commonality with the facts surrounding the images posted by [the moving defendants]." (*Id*. at 423.) They also argue that plaintiffs have failed to recognize, or to respond to, the question of prejudice to the defendants because "[t]he jury may punish defendants improperly due to the number of plaintiffs or may award more to one plaintiff based on the damage evidence presented in regard to a different plaintiff." (*Id*.) Finally, defendants argue that the Court should take direction

from the management of asbestos cases, where, although discovery may be consolidated,[4] the claims are tried separately and given different case numbers. (*Id*. at 424.)

## II. APPLICABLE LAW

"Where parties have been misjoined, a district court may drop a party or sever a claim against a party, but may not dismiss the action on that basis." *Roberts. v. Doe*, No. 16-2082, 2017 WL 3224655, at *2 (6th Cir. Feb. 28, 2017) (citing Fed. R. Civ. P. 21 and cases). The rules do not define misjoinder; therefore, courts typically look to the preconditions for permissive joinder set forth in Fed. R. Civ. P. 20(a) to evaluate whether severance may be warranted. Under Rule 20, parties and/or claims may be joined in one action if "(A) they assert [or have asserted against them] any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs [or all defendants] will arise in the action." Fed. R. Civ. P. 20(a)(1), (2).

> The 'same transaction or occurrence' requirement is a flexible concept, but the ultimate determination is whether there are enough factual occurrences to ensure that joinder is fair. Mere factual similarity between claims is not enough to show that claims arise from the same transaction or occurrence.

*Burgos v. Bob Evans Farms, Inc.*, No. 2:11-55-DCR, 2011 WL 4528476, at *1 (E.D. Ky. Sept. 28, 2011) (quotation marks and citation omitted).

## III. DISCUSSION

The gravamen of plaintiffs' complaint, especially as relevant to the instant motion, can be found in the following paragraphs:

> 5. As a means of illustrating these claims [of "World Class Adult Entertainment" and "Stunning Entertainers"] and in an effort to drive traffic

---
[4] Defendants seem to concede that there is "utility in consolidating discovery[.]" (Mot. at 423.)

4

> and economic and commercial benefits to the Diamond Lodge, Diamond Royale, and Diamond Club, [d]efendants post pictures of women on their respective webpages and social media platforms, including on Facebook, Twitter, and Instagram.
>
> 6. Defendants have developed and instituted a policy of misappropriation, alteration, and publication of images (including [p]laintiffs') on their webpages and social media platforms that they have not paid for, and to which they have no legal right, in order to promote their clubs.
>
> 7. The interconnected advertising, promotions, and marketing of [d]efendants' clubs is clearly demonstrated by the fact that many of [p]laintiffs' images were used by two or more [d]efendants with the same or similar background images or text. For example, images of Lucy Pinder, a famous model and actor, were posted repeatedly by all three [d]efendants to promote their "Diamonds Military ID Night." Similarly, an image of Carmen Electra, a world famous model, actress, television personality, and businesswoman, was used by both Diamond Royale and Diamond Lodge on the same day with the same messaging. Likewise, on repeated occasions, Diamond Royale and Diamond Lodge posted the same images of Irina Voronina, a famous model and actor, to promote the same events and promotions – military night and food deals.
>
> 8. Such uses of [p]laintiffs' images implicate [d]efendants as participating in a concerted scheme of misappropriating [p]laintiffs' images and publishing them, without consent or remuneration, on [d]efendants' social media accounts in order to promote their clubs and the Diamond brand.

(FAC ¶¶ 5–8; *see also* FAC ¶¶ 9–15.)

Paragraphs 5–8 of the FAC allege a pattern or policy of concerted efforts (*i.e.*, "a series of transactions or occurrences"—as expressed by Rule 20) allegedly engaged in by the moving defendants to misappropriate the images of the individual plaintiffs for defendants' benefit, without compensation to plaintiffs. The FAC also sets forth in considerable detail the dates and social media sites where each moving defendant allegedly posted each plaintiff's image, supporting the allegations with demonstrative exhibits. (*See* FAC ¶¶ 51–63; ¶¶ 79–92.) As argued by the plaintiffs, the exhibits (showing identical photographs of individual plaintiffs posted on each defendant's separate social media pages on the same dates at approximately the same times)

5

strongly suggest concerted effort. (*Compare, e.g.*, FAC Exs. 1 and 5 (Carmen Electra); FAC Exs. 3, 7 and 9 (Lucy Pinder).) Notably, in their answer, each defendant "denies as worded" each of these allegations. (*See* Answer (Doc. No. 8) ¶¶ 28–35; 40–48.) They do not actually deny that photographs of plaintiffs were posted on their social media sites to advertise certain events.

In view of the "concerted effort" theory and defendants' "denials," joinder of these claims, at least for purposes of discovery, is appropriate because there appears to be a "logical relationship" among the claims (and perhaps even the defenses). *See LASA Per L'Industria Del Marmo Societa Per Azioni of Lasa, Italy v. Alexander*, 414 F.2d 143, 147 (6th Cir. 1969) (quoting *Moore v. N.Y. Cotton Exch.*, 270 U.S. 593, 610, 46 S. Ct. 367, 70 L. Ed. 750 (1926) ("'Transaction' is a word of flexible meaning . . . comprehend[ing] a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.")). Joinder does not require that common questions of law or fact predominate, "but instead that the claims involve the same or closely related factual and legal issues." *Allstate Ins. Co. v. Electrolux Home Prods., Inc.*, No. 1:16CV1946, 2016 WL 6995271, at *3 (N.D. Ohio Nov. 30, 2016) (citations omitted).

That said, with respect to the issue of separate trials, the Court finds it is premature to decide whether each plaintiff's claims should be tried separately as to any one or more of the defendants. Without the benefit of a more developed case through discovery, the Court is unable to determine if the evidence supports the plaintiffs' theories. It is also too early to tell if each plaintiff's claims for damages will prove unmanageable for a jury should liability be established. While it is possible that the dangers defendants articulate in their reply brief can be alleviated by way of clear jury instructions and separate jury interrogatories, this is a question that should be addressed once discovery is complete.

## IV. CONCLUSION

For the reasons set forth herein, defendants' motion to sever (Doc. No. 28) is denied, and the alternative motion for separate trials is denied, without prejudice, as premature.

**IT IS SO ORDERED**.

Dated: August 9, 2019

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**